UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH DAKOTA
BISMARCK DIVISION

ANDREW SOLOMON, on behalf of
himself and those similarly situated,

    Plaintiff,                                   Case No.

vs.

OASIS PETROLEUM, LLC,

    Defendant.
_____/

## COLLECTIVE/CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **ANDREW SOLOMON**, ("Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendant, **OASIS PETROLEUM, LLC,** a Texas for Profit Corporation, (hereinafter referred to as "Defendant"), and states as follows:

### JURY TRIAL DEMANDED

1. Plaintiff, Andrew Solomon ("Plaintiff"), on behalf of himself and all other "similarly situated" employees of Defendant, Oasis Petroleum, LLC ("Defendant"), files this lawsuit to recover unpaid wages, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*, and Title 34 of the North Dakota Century Code.

### NATURE OF THE CASE

2. This case is an action to recover unpaid wages brought under the FLSA and Title 34 of the North Dakota Century Code, together with the implementing regulations of both statutes.

3. The Plaintiff and Collective Action Members (hereinafter the "FLSA Class Members") worked for Defendant as Operators and Technicians in Defendant's oil and gas drilling

operations.

4. The Plaintiff and the putative Class Action Participants (hereinafter the "North Dakota Class Members") worked for Defendant as Operators and Technicians in Defendant's oil and gas drilling operations in North Dakota.

5. Defendant failed to pay Plaintiff, FLSA Class Members, and North Dakota Class Members proper overtime wages, as required by law.

6. In particular, Defendant violated the FLSA by paying the Plaintiffs, Opt-In Plaintiffs, and the FLSA Class Members overtime at rates less than what the law requires and/or neglecting to pay Plaintiff anything whatsoever for certain overtime hours worked.

7. Defendant violated North Dakota state law by paying the Plaintiffs, Opt-In Plaintiffs, and the FLSA Class Members overtime at rates less than what the law requires and/or neglecting to pay Plaintiff anything whatsoever for certain overtime hours worked.

8. Through this lawsuit, Plaintiff, and the FLSA Class Members seek unpaid overtime compensation, an equal amount for liquidated damages for the three years prior to the filing date of this lawsuit up to the present for themselves and for all "similarly situated" employees that exercise their rights under the FLSA to opt-in to this action.

9. Through this lawsuit, Plaintiff and North Dakota Class Members seek unpaid overtime compensation, an amount for liquidated damages up to three times the amount of unpaid wages for the two year period prior to the filing of this lawsuit for themselves and all North Dakota Class Members.

10. Furthermore, Plaintiff prays that the state law claims advanced herein be certified as a Class Action under Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendant because Defendant does business in North Dakota, and the instant claims arose from Defendant's business operations in North Dakota.

13. Venue is proper in the District of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

14. The proposed class action includes a total number of plaintiffs in excess of 100.

15. The amount in controversy, once the individual claims are aggregated, is in excess of $5,000,000 exclusive of interest and costs.

## PARTIES

16. Plaintiff is an individual currently residing in Williams County, North Dakota. Plaintiff's written consent form is being simultaneously filed herewith and is attached hereto as **EXHIBIT A**.

17. The FLSA Class Members are Defendant's current and former Operators, Technicians, and all employees performing substantially similar duties throughout the country that were paid on an hourly basis and who worked 40 or more hours in one or more workweeks within the relevant time period.

18. The North Dakota Class Members are Defendant's current and former Operators, Technicians, and all employees performing substantially similar duties in North Dakota.

19. Defendant is a Texas for-profit corporation authorized to conduct business in this state, and who does conduct significant business in this state.

20. Defendant maintains its principal place of business at 1001 Fannin Street, Suite 1500, Houston, TX, and may be served through service on its registered agent: C T Corporation System, 120 W. Sweet Avenue, Bismark, N.D. 58504-5566.

## FLSA COVERAGE

21. At all times material to this lawsuit, Defendant was an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiff, the FLSA Class Members, and the North Dakota Class Members, dictate their work schedules, control their employment conditions, and determine the rate and method of their payment. Defendant did, in fact, do all these things with respect to Plaintiff, the FLSA Class Members, and the North Dakota Class Members.

22. At all times material to this lawsuit, Defendant was an "enterprise" as that term is understood under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times material to this lawsuit, Defendants were an enterprise engage in commerce as that concept is understood under Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant had and continues to have employees, including Plaintiff, the FLSA Class Members, and the North Dakota Class Members, engaged in commerce or the handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce.

24. During the time period material to this lawsuit, Plaintiffs, the FLSA Class Members, and the North Dakota Class Members provided services for Defendants that touched upon and

affected interstate commerce. In performing such operations, Plaintiff, the FLSA Class Members, and the North Dakota Class Members were engaged in commerce or in the production of goods for commerce, within the meaning of sections 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA.

25. At all times relevant hereto, Defendant had and continues to have an annual gross business volume of not less than $500,000.00.

## FACTUAL ALLEGATIONS

26. Plaintiff, the FLSA Class Members, and the North Dakota Class Members worked for Defendants sd Operators and Technicians in Defendant's oil and gas drilling operation.

27. Plaintiff worked and continues to work for Defendant during the statutory time period. His duties are to operate and maintain Defendants' oil field production equipment.

28. Plaintiffs and Opt-in Plaintiffs worked in excess of 8 hours per day, and well over 40 hours per week. In fact, sixteen to twenty hours days were common.

29. In approximately November 2014, Defendant hired Mr. Solomon to work as a non-exempt hourly-paid Operator.

30. Thereafter, in March 2018, Plaintiff became a non-exempt hourly-paid Techinician for Defendant.

31. From at least November 2014 to present, Defendant failed to compensate Mr. Solomon at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

32. Mr. Solomon should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week.

33. From at least November 2014 to present, Defendant failed to compensate Mr. Solomon at a rate of one and one-half time his regular rate of pay for all hours worked in excess of eight (8) in a single workday.

34. Mr. Solomon should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of eight (8) hours in a workday.

## RULE 23 CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action on their own behalf and as representative parties, pursuant to Fed. R. Civ. P. 23(b). Plaintiffs seek class certification of the North Dakota state law claims with a class definition as follows:

> **All Operators, Technicians, and all other employees in substantially similar positions employed by Defendant in North Dakota during the two year period prior to the commencement of this lawsuit to the present, who worked 40 or more hours in at least one workweek and/or worked eight (8) or more hours in a day on at least one workday.**

36. Defendant's policy of failing to pay the amount of wages dictated by North Dakota state law affects members of the North Dakota Class in a substantially similar manner. Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories. Plaintiff and the North Dakota Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

37. Although Plaintiff does not know the precise number of the members of the proposed class, there are hundreds of members. Further, the identity of the members of the class is readily discernible from Defendant's records.

38. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class.

39. The North Dakota Class Members are not exempt from receiving overtime under the

North Dakota law.

40. As such, the North Dakota Class Members are similar to the Plaintiff in terms of job duties, pay structure, and the denial of overtime pay.

41. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein.

42. Plaintiff has no interests antagonistic to the members of the proposed class.

43. Plaintiff is committed to the vigorous prosecution of this case as a class action and have retained counsel who is experienced in class action litigation in general and wage and hour litigation in particular.

44. The Class Action is a superior form to resolve the North Dakota state law claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay Operators and Technicians according to the provisions of North Dakota state law.

45. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay and for hours worked over forty hours per workweek.

47. Other employees similarly situated to the Plaintiff work for Defendant in a similar capacity, and are not paid overtime at the rate of one and one-half their regular rate when their hours work exceeded forty hours per workweek.

48. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendant denied them full compensation due under the FLSA.

49. The FLSA Class Members perform or have performed the same or similar work as Plaintiff. Like the Plaintiff, the FLSA Class Members work as Operators and/or Technicians and are paid in the same fashion as Plaintiff.

50. FLSA Class Members are not exempt from receiving overtime under the FLSA.

51. As such, FLSA Class Members are similar to the Plaintiff's in terms of job duties, pay structure, and the denial of pay.

52. Defendant's failure to pay at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members on an individual basis.

53. The experiences of the Plaintiff with respect to his pay, is typical of the experiences of the FLSA Class Members.

54. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

55. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for all overtime hours worked.

56. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula.

57. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

58. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All Operators, Technicians, and all other employees in substantially similar positions employed by Defendant who were paid hourly for at least one week during the three year period prior to the commencement of this lawsuit to the present, who worked 40 or more hours in at least one workweek and/or worked eight (8) or more hours in a day on at least one workday.**

## COUNT ONE

### PLAINTIFF'S AND FLSA CLASS MEMBERS' FLSA WAGE CLAIM

(Collective Action)

59. Plaintiffs and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

60. Defendant's practice of failing to pay Plaintiff, and FLSA Class Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty and pay at the minimum wage for all hours worked violates the FLSA. *See* 29 U.S.C. §§ 206, 207.

61. Defendant failed to pay Plaintiff, and FLSA Class Members the legally mandated overtime rate of time and one-half for the hours worked over 40 in a workweek.

62. Defendant has not made a good faith effort to comply with the FLSA.

63. Defendant's method of paying Plaintiff, and FLSA Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT TWO

### PLAINTIFF'S AND NORTH DAKOTA CLASS MEMBERS' STATE LAW CLAIM

(Class Action)

65. Plaintiff and North Dakota Class Members incorporate all allegations contained in the

foregoing paragraphs.

66. Defendant's practice of failing to pay overtime at one and one half times Plaintiff's and the North Dakota Class Members' regular rates of pay violates Title 34 of the North Dakota Century Code and its implementing regulations.

## WAGE DAMAGES SOUGHT

67. Plaintiff, the FLSA Class Members, and the North Dakota Class Members are entitled to recover their unpaid overtime wages.

68. Plaintiff and North Dakota Class Members are entitled to recover interest and treble damages under Title 34 of the North Dakota Century Code.

69. Plaintiff, and FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 USC § 216(b).

70. Plaintiffs, the FLSA Class Members, and the North Dakota Class Members are entitled to recover attorney's fees and costs.

## PRAYER

71. For these reasons, Plaintiff, and all Class Members respectfully request that judgment be entered in their favor awarding them the following:

a. Overtime compensation for all hours worked over forty (40) hours in each workweek at the applicable time-and-a-half rate;

b. Interest and treble damages as allowed under Title 34 of the North Dakota Century Code.

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs and expenses of this action; and

e. Such other relief to which Plaintiff, the FLSA Class Members, and the North Dakota

Class Members may be entitled, at law or in equity.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

Dated:  August 28, 2019

        Respectfully submitted:

        By:  /s/ *Andrew R. Frisch*
            Andrew R. Frisch

        **MORGAN & MORGAN, P.A.**
        8151 Peters Road
        Suite 4000
        Plantation, FL 33324
        Telephone:   (954) WORKERS
        Facsimile:   (954) 327-3016
        Email: afrisch@forthepeople.com

        *Attorneys for Plaintiff*